DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on June 30, 2010, requesting that the Complaint be dismissed.
A case management conference was held September 20, 2010. Chris Myers and Gona Park participated on their own behalf; Ken Collmer appeared for Defendant. Plaintiffs were given time to submit optional comments; nothing was received. The record closed October 22, 2010.
This appeal concerns the 2009-10 tax year and residential property identified as Account R603424. Plaintiffs purchased this home in September of 2008 for $390,000. The 2009-10 tax statement shows a total real market value (RMV) by Defendant of $401,870. No appeal was filed for that year with the county board of property tax appeals (BOPTA). Later, in January 2010, Plaintiffs obtained an appraisal for refinancing purposes. It estimated a lower value of $315,000.
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. *Page 2 
Taxpayers are required to file appeals with the appropriate county BOPTA by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to the county BOPTA. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
 That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 (A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 (B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For 2009-10, Plaintiffs stated they were unaware of the filing deadline. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for the 2009-10 tax year. *Page 3 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 (a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 (b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added.)
Here, Defendant's RMV is within three percent of the acquisition price. The January 2010 appraisal study is too far removed from the assessment date at issue; it may have more relevance to the subsequent 2010-11 tax year. On a review of the pleadings there is no showing in this record of a gross error for the year under appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, bymailing to: 1163 State Street, Salem, OR 97301-2563; orby hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within60 days after the date of the Decision or this Decisionbecomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon December 3, 2010. The Court filed and entered this documenton December 3, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1